**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

STEVENSON BERTRAND,

　　　　　　　　　Petitioner,

　　v.

CHRISTOPHER J. LAROSE, *et al.*,

　　　　　　　　　Respondents.

Case No. 26-cv-04195-BAS-JAC

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)**

Petitioner Stevenson Bertrand filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, claiming he was improperly detained after he was paroled into the United States. (ECF No. 1.) The Government opposes (ECF No. 4), and Petitioner replies (ECF No. 5). For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be released on the same terms and conditions as he was previously released.

**I.    LEGAL STANDARD**

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies

- 1 -

26cv4195

to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.    STATEMENT OF FACTS

Petitioner, a citizen of Haiti, entered the United States on June 5, 2024. (Pet. ¶ 18, ECF No. 1.) After a brief detention, the Government determined he was not a flight risk or a danger to the community, and Petitioner was paroled into the United States under the Haitian Humanitarian Parole ("HHP"). (*Id.* ¶ 19.) He was also given employment authorization. (*Id.*)

After HHP ended, Petitioner applied for asylum and withholding of removal on March 30, 2025. (Pet. ¶ 9.) At the request of Customs and Border Protection, on December 27, 2025, Immigration and Customs Enforcement ("ICE") re-detained Petitioner without notice or the opportunity for a pre-deprivation hearing. (*Id.* ¶¶ 3, 5, 22.) On May 14, 2026, an Immigration Judge denied Petitioner's asylum petition and ordered Petitioner removed to Haiti. (ECF No. 4, Ex. 2.)  Petitioner appealed the Immigration Judge's ruling on May 28, 2026. (*Id.*, Ex. 4.)  The appeal remains pending.

## III.    ANALYSIS

Petitioner seeks release from custody while his appeal is pending, raising multiple grounds for this request: (1) he has been wrongfully denied a bond hearing under 8 U.S.C. § 1225(b) even though he was arrested in the interior of the United States; (2) his detention has been arbitrarily and unreasonably prolonged in violation of his right to due process; (3) the agency's action is arbitrary, capricious, an abuse of discretion, or not in accordance with law, so it may be set aside under the Administrative Procedure Act; and (4) Petitioner was denied due process when he was detained without notice or an opportunity to be heard.  Because the Court finds this last argument meritorious, the Court grants the Petition.

26cv4195

## A.    Jurisdiction

First, however, the Court addresses the Government's arguments that it lacks jurisdiction. (ECF No. 4.) Citing 8 U.S.C. §§ 1252(g) and 1252(b)(9), the Government argues that this Court has been stripped of jurisdiction. Section 1252(g) states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."

The general rule is to "'resolve any ambiguities in a jurisdiction-stripping statute [such as Section 1252(g)] in favor of the narrower interpretation,' and by the 'strong presumption in favor of judicial review.'" *Ibarra-Perez v. United States*, 154 F.4th 989, 995 (9th Cir. 2025) (quoting *Arce v. United States*, 899 F.3d 796, 801 (9th Cir. 2018)). Thus, the Supreme Court has ruled Section 1252(g) applies only to three discrete actions: commencing proceedings, adjudicating cases, or executing removal orders. *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999). "Instead of 'sweep[ing] in any claim that can technically be said to arise from the three listed actions,' the provision 'refers to just those three specific actions themselves.'" *Ibarra-Perez*, 154 F.4th at 995 (alteration in original) (quoting *Jennings v. Rodriguez,* 583 U.S. 281, 294 (2018)). "There are of course many other decisions or actions that may be part of the deportation process . . ." that are not one of these three. *See Reno*, 525 U.S. at 482 (listing possibilities). Section 1252(g) "does not prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders." *Ibarra-Perez*, 154 F.4th at 997.

In this Petition, Petitioner is not contesting the commencement or adjudication of removal proceedings against him, nor is he raising an issue with respect to the execution of removal. He is simply challenging his re-detention without a bond or pre-deprivation hearing. His re-detention may be during, but is nonetheless independent of, the removal proceedings. Thus, this Court is not stripped of jurisdiction by Section 1252(g).

Section 1252(b)(9) states, "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising

26cv4195

from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order under this section."

"[C]laims that are independent of or collateral to the removal process do not fall within the scope of § 1252(b)(9)." *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1032 (9th Cir. 2016). Thus, in *Nielsen v. Preap*, 586 U.S. 392 (2019), the Supreme Court held Section 1252(b)(9) inapplicable when the petitioners were not asking for review of an order of removal, were not challenging the decision to detain them in the first place or to seek removal, and were not challenging any part of the process by which removability would be determined. *Id.* at 402 (citing *Jennings*, 583 U.S. at 294).

Here, Petitioner does not challenge the Government's authority to remove him from the United States in this Petition. Instead, he challenges his re-detention without notice and an opportunity to be heard. Thus, Section 1252(b)(9) does not provide a jurisdictional bar.

## B. Due Process Violation

Petitioner's re-detention, without notice or an opportunity to be heard, violates Petitioner's due process rights. Individuals released from custody, even where such release is conditional, have a liberty interest in continued liberty. *See, e.g.*, *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (parolees); *Young v. Harper*, 520 U.S. 143, 150 (1997) (pre-parolees); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (probationers). Thus, this Court agrees with those courts that have held:

> [O]nce a noncitizen has been released, the law prohibits federal agents from rearresting him merely because he is subject to removal proceedings. Rather, the federal agents must be able to present evidence of materially changed circumstances—namely, evidence that the noncitizen is in fact dangerous or has become a flight risk, or is now subject to a final order of removal. And if the noncitizen disputes the notion that changed circumstances justify his rearrest, he is entitled to a prompt hearing before an Immigration Judge.

*Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176–77 (N.D. Cal. 2017); *see also Kamalpreet v. Singh*, No. 26-cv-1211-LL-JLB, 2026 WL 622687, at *1 (S.D. Cal. Mar. 5, 2026) ("Although the initial decision to detain or release an individual may be within the government's discretion, the government's decision to release an individual from custody

- 4 -

creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." (citation modified) (quoting *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025))).

The Government may argue that changed circumstances exist because the HHP has now been terminated. That may be. However, the risk of erroneous deprivation of liberty is high when an individual is detained without any notice or opportunity to challenge whether the changed circumstances apply to him, and whether these changed circumstances merit detention without a bond hearing. *See Pinchi*, 792 F. Supp. 3d at 1035 (reasoning that "there is a significant risk that the government will erroneously deprive [Petitioner] of that liberty interest if it does not provide her with a pre-detention hearing.").

Because ICE released Petitioner upon finding he was not a flight risk or a danger to the community on June 5, 2024, and because the Government failed to provide notice of changed circumstances and an opportunity to be heard before re-detaining him without bond, Petitioner is entitled to remain released on the same conditions as he was initially released. If ICE believes circumstances have changed, it must provide notice of these changed circumstances to Petitioner and provide Petitioner an opportunity to be heard promptly before an Immigration Judge. Hence, the Court **GRANTS** the Petition.

## IV.   CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** that Petitioner Stevenson Bertrand (A# 234-264-084) be released on the same terms and conditions as he was ordered released on June 5, 2024.

The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

**DATED: August 6, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

26cv4195